IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED

APR 29 2022

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

RORY LEMON ELSE,
          Plaintiff

V.

LINDA MOLINA, Board Member of
the Parole Board; CHUCK SPEIER, Pa-
role Commissioner of the Parole Board;
and ANTHONY RAMIREZ, Parole Com-
missioner of the Parole Board; sued in
their personal capacities,
          Defendants

§
§
§
§
§

CIVIL ACTION NO. SA22CA0445JKP

JURY TRIAL DEMANDED

COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

          Comes now, RORY LEMON ELSE, the plaintiff pro se' herein, and files this complaint under the authority of the First Amendment of the U.S. Const.[2] requesting this Court to redress the deprivation, under color of state law, of rights secured by the U.S. Constitution. In support hereof, the plaintiff will show this Court the following:

I.
JURISDICTION AND VENUE

          This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). The plaintiff seeks declaratory relief pursuant

FOOTNOTES

1. The plaintiff's pleadings are to be liberally con-
strued and held to less stringent standards than
formal pleadings drafted by lawyers. See Haines v.
Kerner, 92 S. Ct. 594, 596 (1992).

Page 1 of 7

to 28 U.S.C. §§ 2201 and 2202 and damages. This Court is the appropriate venue under 28 U.S.C. § 1391(b)(1) because it is where the defendants resides.

## II.
## PARTIES

The plaintiff, RORY LEMON ELSE, is an inmate that's in the custody of the Texas Department of Criminal Justice — Correctional Institutions Division (hereinafter "TDCJ-CID"), and is currently confined at the McConnell Unit in Beeville, Texas.

Linda Molina is a board member, Chuck Speier is a parole commissioner, and Anthony Ramirez is a parole commissioner (hereinafter "the defendants") that constitutes the parole panel for the Texas Board of Pardons and Paroles located at 2902 N.E. Loop 410, SUITE 206; SAN ANTONIO, TEXAS 78218. The defendants have the _duty_ pursuant to Tex. Gov't Code § 508.0441(a)(1) to determine which inmates are to be released on mandatory supervision[4]. At all times relevant to the events described herein, the defendants acted under color of state law and continues to act under color of state law. The defendants are sued in their personal capacities.

---

a. "Congress shall make no law...prohibiting
...or abridging... the right of the people
...to petition the Government for a redress of grievances." First Amendment
of the U.S. Constitution.

3. "(a) Board members and parole commissioners
_shall_ determine: (1) which inmates are to be
released on... mandatory supervision[;]" Tex.
Gov't Code § 508.0441(a)(1) (West 2021)(emphasis added). Use of the word "shall" in the quoted
statute imposes a duty. See Tex. Gov't Code §§
311.002(2) and 311.016(2) (West 2021).

<u>FACTS</u>

## A. VOID STATUTE

On August 28, 1998 the trial court of Dallas County rendered the judgment re Cause No. F-9755065-JM whereby it adjudicated the plaintiff guilty of murder and sentenced him to 45 years imprisonment in the institutional division pursuant to Tex. Penal Code § 12.32(a)[5].

The defendants did <u>not</u> release the plaintiff to mandatory supervision[6] when the actual calendar time (i.e. flat time) he had served plus his accrued good conduct time[7] (i.e. good & work time) equaled <u>45 years</u>, the term to which he was sentenced re Cause No. F-9755065-JM, because the defendants allege that they're <u>prohibited</u> from doing so by Tex. Gov't Code § 508.149(a)(1),(2)[8] (hereinafter "§ 508.149(a)(1),(2)"). However, the plaintiff contends that § 508.149(a)(1),(2)[9] constitutes an <u>ex post facto law</u> in <u>prohibition</u> of U.S. Const. Art. I, § 10, cl. 1[10] being that § 508.149(a)(1),(2)[11] <u>changed</u> his <u>punishment</u> and inflicts the grea

---

4. "(5) 'Mandatory supervision' means the <u>release</u> of an eligible inmate <u>sentenced to the institutional division</u> so that the inmate may serve the remainder of the inmate's sentence <u>not on parole</u> but under the supervision of the pardons and paroles division." Tex. Gov't Code § 508.001(5) (West 2021) (emphasis added).

5. "(a) An individual adjudged guilty of a felony of the first degree shall be <u>punished by imprisonment in the institutional division</u> ... <u>for any term of not more than 99 years or less than 5 years</u>." Tex. Penal Code § 12.32(a) (Vernon 1996) (emphasis added).

6. See footnote 4 above.

ter punishment of imprisonment in the institutional division that exceeds 45 years. See Carmell v. Texas, 120 S.Ct. 1620 (2000) (holding that an ex post facto law is a statute that changes the punishment and inflicts a greater punishment than the law prescribed at the time the offense was committed). By § 508.149(a)(1), (2)[12] constituting an ex post facto law in prohibition of U.S. Const. Art. I, § 10, cl. 1[13], § 508.149(a)(1), (2)[14] is void from the beginning of its enactment as though it had never been passed. See Alexander v. Cockrell, 294 F. 3d C.A. 5 (Tex.) 2002 (holding that an unconstitutional statute is void ab initio, having no effect, as though it had never been passed).

B. THE DEFENDANTS REFUSAL TO PERFORM
   THEIR DUTY

The defendants refused to perform their duty under Tex. Gov't Code § 508.147(a)[15] to release the plaintiff to mandatory supervision[16] when the calendar

---

7. "(b) Good conduct time credit is computed for an inmate as if the inmate were confined in the institutional division during the entire time the inmate was actually confined." Tex. Gov't Code § 508.142(b) (West 2021) (emphasis added).

8. "(a) An inmate may not be released to mandatory supervision if the inmate is serving a sentence for or has been previously convicted of: (1) an offense for which the judgment contains an affirmative finding under Article 42A.054 (c) or (d), Code of Criminal Procedure; (2) a first degree felony or a second degree felony under Section 19.02, Penal Code..." Tex. Gov't Code § 508.149(a)(1), (2) (West 2021) (emphasis added).

9. See footnote 9 above.

time (i.e. flat time) he had served plus his accrued good conduct time[17] (i.e. good & work time) equaled <u>45 years</u>, the term to which he was sentenced re Cause No. F-9755065-JM. The defendants have yet to release the plaintiff to mandatory supervision[18] re Cause No. F-9755065-JM.

## IV.
## LEGAL CLAIM

The plaintiff reallege and incorporate by reference the facts in paragraph III. The defendants' refusal to release the plaintiff to man—

---

10. " No State shall...pass any...ex post facto Law..." U.S. Const. Art. I, § 10, cl. 1.

11. See footnote 8 above.

12. See footnote 8 above.

13. See footnote 10 above.

14. See footnote 8 above.

15. "(a)... [A] parole panel <u>shall</u> order the release of an inmate who is not on parole to mandatory supervision when the actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." Tex. Gov't Code § 508.147(a) (West 2021) (emphasis added). Use of the word "shall" in the quoted statute imposes a duty. See Tex. Gov't Code §§ 311.002(2) and 311.016(2) (West 2021).

16. See footnote 4 above.

17. See footnote 7 above.

18. See footnote 4 above.

datory supervision[19] re Cause No. F-9755065-JM has caused the plaintiff to be imprisoned in TDCJ-CID after the legal authority to imprison him had expired which violates his right to _due process_ that's secured by the Fourteenth Amendment of the U.S. Constitution[20]. See Owens v. Stalder, 638 Fed. Appx. 277 (5th Cir. 2016) ( holding that the due process clause under the Fourteenth Amendment of the U.S. Const. is violated when a prisoner is held after the legal authority to imprison him has expired ). The constitutional prohibition and right alleged herein are clearly established. Therefore, the defendants knew or should have known that they were acting illegally.

## V.
## PRAYER FOR RELIEF

WHEREFORE, the plaintiff respectfully prays that this Court enter judgment granting him:

(i) A declaration that Tex. Gov.'t Code § 508.149(a)(1),(2)[21] is an _ex post facto law_ in _prohibition_ of U.S. Const. Art. I, § 10, cl. 1[22] and thus is void ab initio;

---

19. See footnote 4 above.

20. "... No State shall... deprive _any person_ of... liberty... without due process of law..." Fourteenth Amendment of the U.S. Constitution (emphasis added).

21. See footnote 8 above.

22. See footnote 10 above.

Page 6 of 7

(ii) A declaration that the acts and omissions described herein violated the plaintiff's right to <u>due process</u> that's secured by the Fourteenth Amendment of the U.S. Constitution[23];

(iii) Compensatory damages in the amount of $595,000 against each defendant, jointly and severally;

(iv) Punitive damages in the amount of $950,000 against each defendant, jointly and severally;

(v) A jury trial on all issues triable by jury;

(vi) The plaintiff's costs in this suit; and

(vii) Any additional relief this Court deems just, proper, and equitable.

DATE: April 4, 2022

Respectfully submitted,

*Rory LeMon Else*

## VERIFICATION

I, RORY LEMON ELSE, TDCJ-CID #841848, have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and as to those I believe them to be true. I certify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on this 4th day of April, 2022.

*Rory LeMon Else*

---

23. See footnote 20 above.